UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA K. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-2344-B |
| | § | |
| FLAGSTAR BANK, F.S.B., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Flagstar Bank, F.S.B.'s Motion for Summary Judgment (doc. 24). For the reasons stated below, Defendant's Motion is **GRANTED**.

## I.

## BACKGROUND[1]

Plaintiff Lisa K. Brown brought this suit seeking declarations that Defendant Flagstar Bank, F.S.B. ("Flagstar") may not foreclose on her property located at 5127 Menefee Drive, Dallas, Texas 75227 (the "Property"). Brown obtained a home equity loan from J&M Brokers Ltd. d/b/a Mortgages USA-REIM ("J&M Brokers") when she executed a Texas Home Equity Note (the "Note") in the amount of $132,000.00 on August 5, 2009. Brown also executed a Texas Home Equity Security Instrument (the "Security Instrument") granting a security interest to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender J&M Brokers and its successors and

---

[1] The facts are derived from Plaintiff's Original Petition (doc. 1-1), the Parties' pleadings, and the evidence contained in the summary judgment record. Unless characterized as a contention by one of the parties, these facts are undisputed.

assigns.

Flagstar provides summary judgment evidence that J&M Brokers specially endorsed the Note to Flagstar, who then endorsed the Note in blank, which Flagstar still possesses. Doc. 25, Def. Appx. 9-10. Also according to Flagstar's evidence, MERS assigned the Security Instrument to Flagstar, effective February 24, 2011. *Id.* at 27-28. Brown contends that ownership of the Note and Security Instrument is not as clear, as indicated by a print-out from Federal Home Loan Mortgage Corporation's ("Freddie Mac") website showing that Freddie Mac owns Brown's mortgage. Doc. 32-1, Pl. Appx. 35.

Shortly after executing the Note and Security Instrument, Brown defaulted on the Loan. Flagstar sent at least five letters informing Brown of the default from April through August of 2010, but the default was never cured. Flagstar accelerated the debt and, when Brown failed to tender the accelerated amount, Flagstar initiated foreclosure proceedings under Texas law on June 13, 2011. Brown continues to reside on the Property.

Before the Property could be foreclosed upon, Brown halted the proceedings by filing the present lawsuit. Brown asks the Court to declare: (1) that the Note and Security Instrument were not lawfully and timely indorsed, transferred, and assigned from J&M Brokers to Flagstar; (2) that Flagstar is not the owner and holder of the Note and Security Instrument, and the person entitled to enforce the Security Instrument; (3) that Flagstar does not have legal standing, authority or right to declare a default in the payment of the Note, accelerate the maturity of the Note, file an Application of Expedited Foreclosure Proceeding against Brown, or seek a foreclosure sale of the Property; and (4) that the Note and Security Interest were split, rendering both void. Doc. 1-1, Pl. Orig. Pet. 4. Brown also claims that Flagstar violated the Texas Debt Collection Practices Act

("TDCPA") at Tex. Fin. Code § 392.304 by misrepresenting the character, extent, or amount of a debt against Brown. *Id.* at 4-5. Flagstar filed the present Motion for Summary Judgment (doc. 24) as to all of Brown's claims on September 17, 2012. The briefing for Flagstar's Motion for Summary Judgment is complete and the Motion is ripe for decision.

## II.

## LEGAL STANDARD

A.  *Summary Judgment Standard*

Summary judgment is appropriate when the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the nonmovant bears the burden of proof at trial, the movant need not support its motion with evidence negating the nonmovant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the nonmovant's case. *Id*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the nonmovant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). Instead, the nonmoving party must go beyond the mere pleadings and "come forward with

specific facts showing that there is a *genuine issue for trial.*" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quotation omitted); *see Celotex*, 477 U.S. at 324. The evidence presented by the nonmovant must "support each essential element of its claims on which it will bear the burden of proof at trial." *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the nonmovant. *Id.*

### III.

### ANALYSIS

*A.   Standing to Challenge Assignment*

Brown first seeks a declaration that the Note and Security Instrument were not lawfully assigned from the original lender, J&M Brokers, to Flagstar. Brown argues that Texas law allows homeowners to challenge the chain of assignments by which a party claims the right to foreclose and that "modern cases have expanded the class of parties with standing to dispute the validity of the foreclosure sale." Doc. 32, Pl. Resp. 3. Brown also argues that the language of the Security Instrument grants Brown standing to challenge an assignment where it states the Borrower has "the right to bring a court action to assert . . . any other defense of Borrower to acceleration and sale." *Id.* at 4.

An assignment is a contract "between the assignor of a right and an assignee, who receives the authority to assert that right." *Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App.–El Paso 2010, pet. denied). Only parties in privity to the contract or third party beneficiaries are entitled to enforce or challenge a contract. *Id.* A plaintiff may not enforce a contract to which she is not a party. *See Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). Specifically in the

mortgage context, "[c]ourts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Metcalf v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012) (citing *Garrett v. HSBC Bank USA, N.A.*, 3:12-CV-0012-D, 2012 WL 1658796, at *2 (N.D. Tex. May 11, 2012) and *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011)).

Plaintiff has not alleged nor offered any evidence that she was a party or third party beneficiary to the assignment of her Note and Security Instrument from the original lender to Defendant. Further, the clause Brown points to in the Security Instrument cannot bestow standing on a claim that is not legally cognizable. Under Texas law, Brown lacks privity to the assignment at issue and therefore may not challenge it. Therefore, summary judgment is proper as to Brown's first request for declaratory judgment.

B.  *Claims that Defendant is not the holder of Note and Security Instrument*

Brown's second and third declaratory judgment claims allege that Flagstar is not the holder of the Note and Security Instrument and, therefore, Flagstar lacks the right to foreclose on the Property. Doc. 1-1, Pl. Orig. Pet. 4.

"Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note." *Cannon v. JPMorgan Chase Bank, N.A.*, 4:11-CV-458, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011) (collecting cases); *see also* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. Courts "have roundly rejected [the show-me-the-note] theory." *Wells v. BAC Home Loans Servicing, L.P.*, W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011); *see also Reardean v. CitiMortgage, Inc.*, A-11-

CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). In order to foreclose under Texas law, the mortgagee need only provide: (1) notice of default, with an opportunity to cure, and (2) notice of the actual foreclosure sale. *See* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. A mortgagee under Texas law is defined, *inter alia*, as "the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4)(C).

In the case at hand, Flagstar provides competent summary judgment evidence that it is the mortgagee of the property. Flagstar provides the "Assignment of Mortgage," dated February 24, 2011, which reflects the assignment of the Security Instrument from J&M Brokers to Flagstar. Doc. 25-1, Def. Appx. 27-28. Thus, Flagstar argues that because it is "the last person to whom the security interest has been assigned of record," it meets the definition of mortgagee and may foreclose on the Security Instrument for the Property.

Plaintiff responds that ownership of the Mortgage is in dispute and therefore summary judgment must be denied. Doc. 32, Pl. Resp. 6. Plaintiff offers a print-out from the Freddie Mac website that states "Freddie Mac is the owner of your mortgage and it was acquired on October 21, 2009." Doc. 32-1, Pl. Appx. 35. But the print-out continues "[f]or help with your mortgage, contact your lender, . . . the company to which you make your mortgage payments (also referred to as a mortgage servicer)." *Id.* Further, the print-out states "[b]ecause Freddie Mac does not work directly with consumers, you will need to work with your lender to determine your best foreclosure prevention options." *Id.* at 36. Thus, on the face of Brown's summary judgment evidence it states that Freddie Mac is not the lender or mortgage servicer for the Loan and the document itself contemplates that it is the lender or mortgage servicer that handles foreclosure.

The fact of consequence in this matter is not who owns the Note or the Mortgage, but

instead it is the identity of the mortgagee or mortgage servicer that may foreclose on the property under Texas law. *See* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. "Foreclosure enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3. A mortgagee or mortgage servicer, as defined in the Texas Property Code, "can foreclose under a deed of trust, regardless of whether it is a holder." *Id.* at *4. Brown's summary judgment evidence does not refute that Flagstar is the mortgagee, the last entity to whom the security interest was assigned, and therefore the entity capable of foreclosing on the Security Instrument under Texas law. *See* Tex. Prop. Code § 51.0025(4)(C); *see also Reardean*, 2011 WL 3268307, at **3, 4. Thus, viewed in the light most favorable to Brown, there is no genuine issue of material fact that Flagstar is authorized under Texas law to foreclose on the Property. Therefore, summary judgment for Defendant is proper as to Brown's second and third requests for declaratory judgment.

C.     *Other Claims*

Brown's Original Petition raises two additional claims for: (1) a declaration that the Note and Security Instrument were split, thus rendering both void (the "split-the-note claim"); and (2) that Flagstar violated the Texas Debt Collection Practices Act ("TDCPA"). Doc. 1-1, Pl. Orig. Pet.4-5. Because Brown has the ultimate burden of proof for both of these claims, Flagstar has satisfied its summary judgment burden by simply calling the Court's attention to the lack of evidence for Brown's claims. *See Latimer*, 919 F.2d at 303; *see also Little,* 37 F.3d at 1075. Thus, it is Brown's burden to go beyond the mere pleadings and "come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Electric Indus. Co.*, 475 U.S. at 587 (emphasis in original)(quotation omitted). Brown fails to mention either the split-the-note claim or the TDCPA claim in her Response. Thus, Brown has failed to show there is a genuine issue for trial on either of these claims.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff Brown has failed to establish a genuine issue of material fact on any of the claims presented in this action. Thus, Defendant Flagstar's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED.**

**SIGNED: March 12, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE